**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| MICHAEL P. DONOVAN, as he is administrator, Local 103, I.B.E.W. Health Benefit Plan, et al.<br><br>Plaintiffs,<br><br>v.<br><br>BENNETT ELECTRICAL, INC. and BENNETT COMMUNICATIONS, INC.,<br><br>Defendants. | ) | No. 1:25-cv-11434-JEK |

**MEMORANDUM AND ORDER ADOPTING REPORT AND RECOMMENDATION**

**KOBICK, J.**

On May 20, 2025, the plaintiffs—Michael Donovan, the Administrator of various funds[1] for the Local 103 of the International Brotherhood of Electrical Workers, and Darrin Golden, the Executive Secretary-Treasurer of the National Electrical Benefit Fund—brought this action under the Employee Retirement Income Security Act ("ERISA"), Labor Management Relations Act ("LMRA"), and relevant collective bargaining agreement, alleging that the defendants—electrical contractors Bennett Electrical, Inc. and Bennett Communications, Inc.—failed to pay employee benefit contributions and interest. ECF 1. They sought judgment ordering payment of unpaid contributions and dues, liquidated damages, legal fees, and costs. On October 7, 2025, the plaintiffs filed proof of service indicating that on August 29, 2025, a Norfolk County Deputy Sheriff left copies of the complaint and summons at the "last and usual place of business" of the defendants,

[1] Donovan is the Administrator of the Local 103 of the International Brotherhood of Electrical Workers' Health Benefit Plan, Pension Fund, Deferred Income Fund, and Joint Apprenticeship and Training Fund. ECF 1.

which the Deputy Sheriff identified as "160 Finnell Drive," Suite 1 in Weymouth, Massachusetts. ECF 7, at 2; ECF 8, at 2. On October 8, 2025, the clerk entered notices of default under Federal Rule of Civil Procedure 55(a), ECF 11, 12, and the plaintiffs moved for default judgment under Rule 55(b) shortly thereafter, ECF 14.

On December 10, 2025, Magistrate Judge Kelley vacated the notices of default and denied the plaintiffs' motion without prejudice, observing that the address listed for the defendants in the proofs of service—"160 Finnell Drive"—differed from the address contained in the complaint and on the Massachusetts Secretary of State's website—"106 Finnell Drive." ECF 19. On March 2, 2026, the plaintiffs filed a motion seeking to reinstate the entry of default and for default judgment. ECF 27. In support of that motion, they submitted an affidavit of the Deputy Sheriff attesting that the proofs of service included a typographical error and that he did, in fact, serve the complaint and summons at "106 Finnell Drive." ECF 28. The clerk then entered notices of default on March 4, 2026. ECF 32, 33. On July 8, 2026, Magistrate Judge Kelley issued a Report and Recommendation to allow the plaintiffs' motion for default judgment. ECF 27, 36.

Neither party objected to the Report and Recommendation within the fourteen days permitted by Federal Rule of Civil Procedure 72(b)(2) and 28 U.S.C. § 636(b)(1)(C).[2] Having carefully reviewed the plaintiffs' motion and the Report and Recommendation, I agree with Judge Kelley's conclusion that the plaintiffs' motion should be granted because the well-pled allegations in the complaint state a cognizable claim for joint and several liability against the defendants under

[2] The clerk made multiple attempts to mail the Court's orders and notices to the defendants at the 106 Finnell Drive address, but those mailings were returned, with the Post Office indicating that the mail was not deliverable as addressed and could not be forwarded. ECF 36, at 2-3; ECF 21-26, 34, 35, 38, 39. Following a search of public records, the clerk also mailed the notice of the order of dismissal and the Report and Recommendation to Michael McKinnon—who is listed on the Secretary of State's website as the defendants' Registered Agent, President, Treasurer, Secretary, and Director—at two addresses. ECF 36, at 4 n.4.

ERISA and the LMRA. *See* ECF 36, at 4-8; ECF 1. The plaintiffs' request for a default judgment of $500,978.48 is sufficiently supported by their filings, including an affidavit by Donovan certifying the amounts owed by the defendants, and affidavits and invoices detailing the attorney's fees and costs incurred by the plaintiffs in this case. *See* ECF 36, at 8-10; ECF 28; ECF 29.

Accordingly, it is ORDERED that:

1. The Magistrate Judge's Report and Recommendation, ECF 36, is ADOPTED and INCORPORATED pursuant to 28 U.S.C. § 636(b)(1).
2. For the reasons stated in the Report and Recommendation, the plaintiffs' motion to enter default judgment, ECF 27, is GRANTED.
3. Judgment shall enter in favor of the plaintiffs.

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE

Dated: August 18, 2026